IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONNA J. STRICKLAND-PETRI,

Plaintiff,

vs.

MARTIN JEFFREY FLAUMII, Judge; SARA SHEFFRELD-PRICE, Magistrate; JESSICA SPITZER, Registrar; CHRISTOPHER TURNER, Spec. Admin.; KEITH GANTENBEIN, Attorney; RORY FRANCIS, Attorney; DIANNA MAYO, Fraudulent Marriage Claims; JUDGE BABCOCK, CLERKS OF THE COLORADO COURT OF APPEALS, CLERK OF THE COLORADO SUPREME COURT, ADAMS COUNTY PROBATE COURT, ADAMS COUNTY PROSECUTOR, WILL SMITH, JESSICA ROMO, BEATRICE ROMO, WFG TITLE COMPANY, CAPITAL GROUP/AMERICAN FUNDS, MUTUAL OF OMAHA, HORACE MANN INSURANCE, RUSHMORE LOAN SERVICING, CREDIT UNION (UNNAMED LENDER), SELLSTATE REALTY, REMAX REALTY, REDPOINT CONSULTING LLC, CASEY A. ROGERS, AMANDA PACHECO, OFFICER BRODHEIM, ADAMS COUNTY SHERIFF'S OFFICE, UNNAMED WATCHDOG OFFICERS, COLORADO STATE PATROL, COLORADO COUNTY ASSESSOR'S OFFICE, COLORADO DEPARTMENT OF SOCIAL SERVICES, NEBRASKA DEPARTMENT OF SOCIAL SERVICES, JOHN DOES 1-5, and JANE DOES 1-5,

Defendants.

**4:25CV3132**

**MEMORANDUM AND ORDER**

Plaintiff, a non-prisoner proceeding pro se, filed a complaint, Filing No. 1, and what the Court construed as two supplemental complaints, Filing No. 1-1; Filing No. 1-2, on

June 17, 2025. Plaintiff subsequently filed a third supplemental complaint, Filing No. 15, on June 23, 2025, followed by an amended complaint, Filing No. 35, on July 16, 2025. Plaintiff was granted leave to proceed in forma pauperis on July 28, 2025. Filing No. 67. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For purposes of this initial review, the Court will consider the "Complaint" to include Plaintiff's complaint, Filing No. 1, supplemental complaints, Filing No. 1-1; Filing No. 1-2; Filing No. 15, and amended complaint, Filing No. 35. *See* NECivR 15.1(b). The Court has also considered the numerous supplemental filings Plaintiff has made in this Court, which consist of over 400 pages. Filing Nos. 5–12, 17–30, 34, 41–66.

## I. SUMMARY OF COMPLAINT

Plaintiff, a citizen of Nebraska, sues numerous Colorado state court officials, attorneys, and other individuals or entities involved in the proceedings related to the probate and administration of Plaintiff's late husband's estate in Colorado. Plaintiff was married to Dennis Garth Petri ("Petri") from June 29, 2003, until his death on July 3, 2023. After Petri's death, Plaintiff applied for an informal appointment as personal representative of Petri's estate, and her application was initially granted. *See* Filing No. 8 at 1. However, Plaintiff alleges she was subsequently "wrongfully removed as Informal Personal Representative of [Petri's] estate in a Colorado court through fraud, sealed filings, and false judicial orders," Filing No. 35 at 2, after Defendant Dianna Mayo ("Mayo") objected to Plaintiff's appointment and filed a fraudulent putative spouse claim, asserting that Mayo should be considered Petri's spouse for inheritance purposes. *See* Filing No. 1 at 4; Filing No. 1-1 at 4; Filing No. 1-2 at 2. Plaintiff seeks declaratory and injunctive relief "restoring

her standing as lawful spouse and estate representative," Filing No. 35 at 3, and preventing further transfers of estate assets or wrongful death payouts; a full accounting of estate assets; "vacatur of all fraudulent court orders," Filing No. 1-2 at 9; and compensatory and punitive damages. *See also* Filing No. 1 at 5; Filing No. 1-1 at 5; Filing No. 15 at 6.

In the multitude of documents she submitted, Plaintiff refers to Colorado Court of Appeals case number 2024CA430, in which she "filed a timely pro se appeal in the matter of the Estate of Dennis Garth Petri" and the court issued a final opinion on April 17, 2025. Filing No. 12 at 5; *see also* Filing No. 15 at 6; Filing No. 27 at 2. The Court takes judicial notice of the Colorado Court of Appeals' April 17, 2025, decision in *In re Estate of Petri*, No. 24CA0430, 2025 WL 1135226 (Colo. App. Apr. 17, 2025),[1] and sets forth the following from the court's opinion as additional background:

> After the decedent died without a will, Strickland, the decedent's spouse of twenty years, applied for an informal appointment as personal representative. Mayo objected to the appointment, claiming that she had a common law marriage with the decedent, see § 14-2-109.5, C.R.S. 2024, or was, in the alternative, his putative spouse, see § 14-2-111, C.R.S. 2024. Mayo also alleged that, one day after the decedent's death, several of the decedent's relatives forcibly entered the decedent and Mayo's house, took his personal property, changed the locks, and threw a Fourth of July party at the house.

[1] The Court can sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

Given Mayo's objection and trespass allegations, the magistrate appointed [Defendant Christopher] Turner to manage the decedent's estate until the court ruled on Mayo's marriage claims.

After an evidentiary hearing, the court denied Mayo's common law marriage claim, granted her putative spouse claim, and ordered that "Mayo shall be considered the decedent's legal spouse for the purposes of intestate distribution." Turner remained the special administrator because Mayo didn't seek appointment as the estate's personal representative.

. . . .

Strickland married the decedent in 2003, but they separated in 2005 when Strickland moved away from Colorado, resettled in another state, and eventually entered into a committed relationship with another individual. Strickland testified that she and the decedent knew about each other's committed relationships.

Mayo testified that she and the decedent started dating and cohabitating in 2018 and lived together in the same house most of the time. She didn't have concerns regarding the decedent's marital status because she believed that he had been married and divorced twice. Mayo said the decedent proposed to her in 2020 with an engagement ring, they both wore wedding bands, and they celebrated an anniversary.

Three disinterested witnesses testified to their belief that the decedent and Mayo were married because the couple cohabitated, referred to themselves as husband and wife, and wore wedding bands. In her order,

> the magistrate found these witnesses' testimony credible and persuasive but found the testimony of Strickland's daughter and the decedent's stepdaughter, on which Strickland relied, not credible.

*In re Estate of Petri*, 2025 WL 1135226, at *1–2. The Colorado Court of Appeals affirmed the state district court magistrate's order finding Mayo a putative spouse under Colorado law, and otherwise dismissed Plaintiff's appeal with prejudice. *Id*. at *4.

**II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and

pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff's claims relate exclusively to the probate and administration of Petri's estate in Colorado and nearly all the Defendants named in her pleadings are either alleged to be citizens of Colorado or have no discernible connection to the District of Nebraska. Though Plaintiff alleges "[v]enue is proper in this district because Plaintiff resides in Nebraska and the harm was felt here," Filing No. 1-2 at 2, the Court concludes venue is improper in this district but will decline to transfer this matter to the appropriate district because Plaintiff's claims appear to be barred by under the *Rooker-Feldman* doctrine.

### A. Venue Improper

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Liberally construed, Plaintiff alleges the named Defendants violated her constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985, but she does not allege facts establishing that the District of Nebraska is the proper venue. The events giving rise to Plaintiff's claims clearly arose in Colorado, and, of the more than thirty Defendants named in this case, only two of them—"Nebraska Department of Social Services" and "Mutual of Omaha"—appear to bear any association with the District of Nebraska. *See* Filing No. 35. However, Plaintiff's Complaint fails to state a claim for relief against either of these Nebraska Defendants. First, the Nebraska Department of Social Services is not a "person" capable of being sued under 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989), and Plaintiff's sole allegation against the "Department of Social Services" appears to relate only to Defendant Colorado Department of Social Services for failing to investigate alleged welfare fraud by Defendant Mayo. Filing No. 35 at 3; *see also* Filing No. 48. Additionally, the Complaint fails to state a claim against Mutual of Omaha as Plaintiff's allegation that "Mutual of Omaha has ignored life insurance inquiries from Plaintiff," Filing No. 35 at 3, does not state a claim upon which relief may be granted, let alone a constitutional violation. As such, the Court finds Plaintiff's claims against these two Nebraska Defendants must be dismissed for failure to state a claim upon which relief may be granted.

All of the remaining Defendants are either alleged to be Colorado citizens or have no connection with the District of Nebraska, and Plaintiff's residence in Nebraska is not controlling on the question of venue. Because Plaintiff's claims arise out of events in Colorado, the Court finds venue is not proper in this district but rather in the District of Colorado. Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the

district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, *sua sponte*. *See De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

Upon consideration, the Court declines to transfer this matter to the District of Colorado and will instead dismiss this matter without prejudice. Plaintiff previously filed a case in that court raising the same claims and issues asserted here, but her complaint was dismissed after she failed to comply with the Court's orders. *See Strickland v. Flaum, et al.*, No. 1:25-cv-1293 (D. Colo.) (Filing Nos. 7 & 8, June 3, 2025, order and judgment dismissing case without prejudice for failure to cure deficiencies).[2] The matter was dismissed without prejudice, however, so Plaintiff is free to re-file her suit in the Colorado federal court if she wishes to pursue her claims. The Court also declines to transfer this matter because Plaintiff's claims for relief appear to be barred by the *Rooker-Feldman* doctrine as explained below.

**B. *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid.*

---

[2] Indeed, one of the Defendants named in this action is Judge Babcock, *see* Filing No. 35 at 2, who entered the order and judgment dismissing Plaintiff's District of Colorado case. To the extent Plaintiff sues Judge Babcock for his actions taken in that case, her claims fail because Judge Babcock is absolutely immune from suit for actions taken in his judicial capacity. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).

*Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). "The basis for the *Rooker/Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005).

In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548–49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercise jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, Plaintiff's requested declaratory and injunctive relief of restoring her standing as lawful spouse and estate representative, granting her alleged share of Petri's estate, and preventing further transfers or payouts of estate assets, as well as the damages she seeks, is premised on the idea that the Colorado probate and appellate courts' decisions granting Mayo's putative spouse claim were erroneous and fraudulent. To grant Plaintiff the relief she seeks would effectively reverse the Colorado state courts' decisions or void their rulings, and *Rooker-Feldman* precludes the Court from doing so. Accordingly, the Court concludes it lacks subject matter jurisdiction over Plaintiff's claims alleging harm caused by, and seeking relief from, the state court decisions denying Plaintiff any share of Petri's estate.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim for relief against the only two Defendants connected to Nebraska, and venue is improper in this District as to the remaining Defendants. The Court shall dismiss this action, rather than transfer it, as Plaintiff's claims for relief are barred by the *Rooker-Feldman* doctrine. Consequently, the Court will deny all Plaintiff's pending motions as moot.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. The Court will enter a separate judgment.

3. Plaintiff's pending motions, Filing No. 3; Filing No. 4; Filing No. 36; Filing No. 37; Filing No. 38; Filing No. 39; Filing No. 40; Filing No. 70; Filing No. 71; Filing No. 72, are denied as moot.

Dated this 27th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge